## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

VERRAGIO, LTD.,

                    Plaintiff,

           vs.

PHANTOM JEWELS,

                    Defendant.

Case No.

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

---

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, files its complaint against Defendant Phantom Jewels ("Phantom") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.      This case is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq*, respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The infringing product which is the subject of this litigation has been distributed and offered for distribution in the Southern District of New York; the claims alleged in this action arose in the Southern District of New York; and, Phantom transacts business in the Southern District of New York.

## Parties and Personal Jurisdiction

3.      Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4.      Verragio is informed and believes, and on that basis alleges, that Phantom has its principal place of business in London, England.

5.      This Court has personal jurisdiction over Phantom because Phantom transacts business and has other related activities within the Southern District of New York.  Specifically, Phantom offered, sold and distributed the infringing product which is the subject of this litigation in the Southern District of New York.  Further, Phantom has undertaken acts of copyright infringement that were purposefully directed at New York with knowledge that the brunt of the injury would be felt by Verragio in this Judicial District.

## The Business of Verragio

6.      Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7.      For over 20 years, Nisguretsky has been an innovator in the design, creation, and marketing of fine jewelry.  Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8.      Among Nisguretsky's jewelry designs is AFN-5052, which is an original design comprising copyrightable subject matter under the laws of the United States.

9.      AFN-5052 is part of Verragio's Venetian Collection.

10.      At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to the copyrights in AFN-5052.  A picture of AFN 5052 is attached to this Complaint as Exhibit 1.

11.    Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN-5052 (Certificate No. VA 1-974-011), a copy of which is attached to this Complaint as Exhibit 2.

12.    Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including AFN-5052.

13.    Since its creation, AFN-5052 has been manufactured by Verragio, or under its authority.

14.    Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

15.    Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

### The Business of Phantom Jewelry

16.    Verragio is informed and believes, and on that basis alleges, that Phantom is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

17.    Verragio is informed and believes, and on that basis alleges, that Phantom sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

18.    Verragio is informed and believes, and on that basis alleges, that Phantom sells its jewelry to consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

3

19.     Verragio has not authorized Phantom to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of AFN-5052 or any other copyrighted ring design licensed to Verragio.

20.     Verragio is informed and believes, and on that basis alleges, that Phantom has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry design of AFN-5052, and other copyrighted ring designs licensed to Verragio.

21.     Pictures of at least one of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 3.

22.     For example, Phantom sold the Imperiale Sterling Silver Ring ("Imperiale") which infringes Verragio's copyright in AFN-5052.   A comparison of AFN-5052 to the Imperiale follows:

   

Verragio Style No. AFN-5052                    Phantom Imperiale Sterling Silver Ring

**First Cause of Action**
(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

23.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 of this Complaint as though fully set forth.

24.     Phantom's acts constitute infringement of Verragio's licensed copyright in AFN-5052 in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

25.     Verragio is informed and believes, and on that basis alleges, that Phantom's manufacture, distribution, duplication and/or sale of infringing copies of AFN-5052 was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

26.     Phantom's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to AFN-5052 and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined.  In addition, Verragio is entitled to receive the profits made by Phantom from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

27.     Phantom's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Phantom's acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Phantom.  Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of AFN-5052,

and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

28.     Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1.     That the Court enter a judgment against Phantom that Phantom has  infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501.

2.     That each of the above acts by Phantom were willful.

3.     That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Phantom and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Phantom, from:

(a)     manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Phantom that is confusingly similar, or that is substantially similar to AFN-5052 or any other copyrighted design licensed to Verragio;

(b)     destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

(c)     engaging in any other activity constituting an infringement of Verragio's Verragio's licensed copyrighted jewelry designs; and

6

(d)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4.     That Phantom be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

5.     That damages resulting from Phantom's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

6.     That Verragio be awarded damages for Phantom's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Phantom's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

7.     That the Court issue a Permanent Injunction enjoining and restraining Phantom and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Phantom, from:

(a)     copying, reproducing, manufacturing, duplicating, disseminating, distributing, or infringing copies of Verragio's licensed copyrighted jewelry designs;

(b)     engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs; and

(c)  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 7(a) through 7(b) above.

8.  That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

9.  That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

10.  That the Court award Verragio its costs of suit incurred herein.

11.  That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

Dated:  New York, New York
         January 31, 2018.

Respectfully submitted,

VLADIMIR TSIRKIN & ASSOC.

By:  __s/Vladimir Tsirkin_____
         Vladimir Tsirkin
         104 N. Broadway Suite A
         South Amboy, NJ  08879
         (732) 525-2200

         *Attorneys for the Plaintiff Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated:    New York, New York
            January 31, 2018.

Respectfully submitted,

VLADIMIR TSIRKIN & ASSOC.


By:    s/Vladimir Tsirkin              
        Vladimir Tsirkin
        104 N. Broadway Suite A
        South Amboy, NJ  08879
        (732) 525-2200

*Attorneys for the Plaintiff Verragio, Ltd.*

9