# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

VERRAGIO, LTD.,

        Plaintiff,

vs.

PHANTOM JEWELS,

        Defendant.

Case No. 1:18-cv-00865

## DECLARATION OF VLADIMIR TSIRKIN IN SUPPORT OF ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT

1. I, Vladimir Tsirkin, declare under penalty of perjury, as provided by the laws of the United States, 28 U.S.C. § 1746, that the following statements within my personal knowledge are true and correct:

2. I am a member of the Bar of this Court and the principal of Vladimir Tsirkin & Associates, counsel for Plaintiff, VERRAGIO, LTD, in the above-captioned case. As such, I am familiar with all the facts and circumstances of this action.

3. I make this declaration pursuant to Rule 55 of the Federal Rules of Civil Procedure, Rule 55.2(a) of the Civil Rules for the Southern District of New York, and Rule III(L) of the Individual Practices of the Honorable Analisa Torres, in support of Plaintiff's application for the entry of a default judgment against Defendant.

4. The following documents are annexed to this Declaration:

    A. Plaintiff's proposed Order of Default Judgment, annexed hereto as Exhibit A;

    B. Copies of the pleadings in this action, annexed hereto as Exhibit B;

    C. Copies of the Affidavit of Service of the Amended Summons and Complaint, annexed hereto as Exhibit C;


Case 1:18-cv-00865-AT   Document 37   Filed 12/18/18   Page 2 of 14


D. A copy of the Certificate of Default issued by the Clerk of Court on December 11, 2018, attached as Exhibit D;

E. A copy of Plaintiff's Copyright Registration Certificate VA 1-974-011, annexed hereto as Exhibit E;

F. A picture of Plaintiff's copyrighted design AFN-5052, annexed hereto as Exhibit F;

G. A picture of at least one of Defendant's unauthorized pieces of jewelry - Imperiale Sterling Silver Ring - that infringes Plaintiff's copyrighted design AFN-5052, annexed hereto as Exhibit G.

## JURISDICTION, VENUE, SERVICE AND DEFAULT

5. This civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101 was commenced on January 31, 2018, ECF Document No.:1.

6. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a). Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

7. On July 11, 2018, the Court denied Plaintiff's motion for default judgment, ECF Document No.: 23, and allowed Plaintiff an opportunity to amend its pleadings.

8. On July 24, 2018, Plaintiff filed an amended complaint, ECF Document No.: 24 (the "Amended Complaint").

9. The Amended Complaint was served upon the defendant, PHANTOM JEWELS, ("Defendant") on August 10, 2018 via International Registered Mail, ECF Document No.: 31, Exhibit C.

10. Service was proper pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters art. 10, Nov. 15, 1965,

20 U.S.T. 361, 658 U.N.T.S. 163 and Fed. R. Civ. P. 4(f) and 4(h)(2). See Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1505 (2017).

11. Defendant, who is not a minor, mentally incompetent, or in the military service of the United States of America, has failed to plead or otherwise defend this action, and the time for Defendant to answer has expired.

12. Plaintiff, pursuant to Fed. R. Civ. P. 55(a) and L.R. 55.1, requested a Clerk's Certificate of Entry of Default. Said Certificate was issued on December 11, 2018, Exhibit D.

## BACKGROUND

13. As set forth in the Complaint, Plaintiff's principal, Barry Nisguretsky ("Nisguretsky"), has been an innovator in the design, creation, and marketing of fine jewelry for more than 20 years. Among Nisguretsky's jewelry designs is AFN-5052, which is an original design comprising copyrightable subject matter under the laws of the United States, Exhibit F. Nisguretsky has obtained copyright registrations for AFN-5052, Exhibit E, and licensed it to Plaintiff.

14. The Amended Complaint alleges that Defendant is in the business of, manufacturing, marketing and selling jewelry. Defendant sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Plaintiff.

15. Plaintiff has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of AFN-5052.

16. The Amended Complaint alleges that Defendant has engaged in the advertisement, manufacture, distribution and sale on the Internet to consumers worldwide,

including, but not limited to, consumers in the State and County of New York, of Defendant's Imperiale Sterling Silver Ring ("Imperiale"), Exhibit G, with a design that is strikingly similar to the copyrighted jewelry design of AFN-5052, Exhibit F.

17. Defendant's aforementioned act constitutes infringement of Plaintiff's licensed copyright in AFN-5052 in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

## LEGAL ARGUMENT

### Defendant's Default

18. In determining whether to grant a motion for default judgment, courts within this district consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2007 U.S. Dist. LEXIS 93420, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Here, all three of the foregoing factors weigh heavily in Plaintiff's favor.

19. First, Defendant's failure to respond to Plaintiff's Complaint is indicative of willful conduct. See Id. (holding that non-appearance and failure to respond to a compliant or motion for default judgment indicates willful conduct). With respect to the second factor, because Defendant has failed to respond, there is no information as to any meritorious defense to Plaintiff's claims that Defendant may have. However, as it is more fully set forth below, since Plaintiff has pleaded facts sufficient to establish Defendant's liability with respect to the cause of action for copyright infringement, it is highly unlikely for Defendant to have any defenses to Plaintiff's claims. Finally, Plaintiff will be prejudiced if it is denied the ability to seek judgment by default.

**Defendant's Infringement of Plaintiff's Copyrights**

20.     To prevail on a claim of copyright infringement, Plaintiff "must show (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work. <u>Caffey v. Cook</u>, 409 F. Supp. 2d 484, 486 (S.D.N.Y. 2006). There is little question that Plaintiff will be able to prove both prongs.

21.     A certificate of copyright registration constitutes "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. §410(c). In addition, registration certificates establish a statutory presumption that the copyrighted works are original. <u>Boisson v. Banian, Ltd.</u>, 273 F.3d 262, 268 (2nd Cir. 2001).

22.     Therefore, as a matter of law, Plaintiff's copyrighted design in AFN-5052 is presumed valid and this ring design is presumed to be an original design. As such, the statutory presumption of validity shifts the burden to Defendant to prove that Plaintiff's copyright is invalid. <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 109 (2nd Cir. 2001).

23.     Defendant, in order to overcome that presumption, must show that there was "such an overwhelming amount of evidence" of non-originality "that reasonable and fair minded men" could not have found the designs to be original. <u>Id.</u> Defendant had not responded to the Complaint, but even if it had, it would have been highly unlikely for Defendant to produce any such evidence and meet its burden.

24.     To show unauthorized copying, Plaintiff must demonstrate that (a) "the defendant has actually copied the plaintiff's work," and (b) "the copying is illegal because a substantial

similarity exists between the defendant's work and the protectible elements of plaintiff's." Id. at 110

25. Direct evidence of copying is rarely available, especially here, where Defendant failed to respond to Plaintiff's Complaint, and discovery was unavailable to Plaintiff. Therefore, infringement typically is proven by showing (a) the substantial similarity of protectible material in the two works and (b) that Defendant had access to the copyrighted work. Gal v. Viacom Int'l, Inc., 518 F. Supp. 2d 526, 529 (S.D.N.Y. 2007).

26. The test for substantial similarity is whether "the ordinary observer, unless he is set out to detect disparities would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960).

27. Some dissimilarity between two works do not relieve the infringer of liability, "for no copier may defend the act of plagiarism by pointing out how much of the copy he has not pirated." Yurman Design, Inc. v. Golden Treasure Imps., Inc., 275 F. Supp. 2d 506, 507 (S.D.N.Y. 2003).

28. Here, a side-by-side comparison of Plaintiff's AFN-5052 design and Defendant's infringing design, Exhibit F and Exhibit G respectively, clearly shows that the two designs, at the very least, are substantially similar, and a few insignificant dissimilarities are so minor that they cannot relieve Defendant of liability.

29. Plaintiff has made substantial investments of time, effort, and expense in marketing its jewelry, including jewelry containing Plaintiff's AFN-5052 design, both in traditional publications and on the Internet.

30. Because of Plaintiff's marketing efforts, images of Plaintiff's designs, including AFN-5052, could be easily accessed by anyone, including Defendant, which is the only

circumstantial evidence of Defendant's access Plaintiff can offer, considering that no discovery was available to Plaintiff due to Defendant's willful failure to respond.

31. When establishing copying by circumstantial evidence, "[t]here is an inverse relationship between access and probative similarity such that the stronger the proof of similarity, the less the proof of access is required." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 56 (2d Cir. 2003). Thus, "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." Repp & K&R Music, Inc. v. Webber, 132 F.3d 882, 889 n.1 (2d Cir. 1997).

32. Thus, where Plaintiff has not demonstrated Defendant's access, Plaintiff must show that the works are not just "substantially", but "strikingly" similar. Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946). "Striking similarity exists when two works are so nearly alike that the only reasonable explanation for such a great degree of similarity is that the later was copied from the first." American Direct Mktg, Inc. v. Azad Int'l, Inc., 783 F. Supp. 84, 95 (E.D.N.Y. 1992).

33. The following visual comparison of Plaintiff's AFN-5052 design to Defendant's Imperiale design clearly shows the designs are indeed strikingly similar:





Plaintiff's AFN-5052 Ring                     Defendant's Imperiale Ring

34. "Two designs are strikingly similar if the similarities between the plaintiff's and the defendant's work are so extensive and striking to, without more, both justify an inference of copying and prove improper appropriation." Prince Grp. v. MTS Prods., 967 F. Supp. 121, 126 (S.D.N.Y. 1997). The similarity must also be so striking as to preclude the possibility of independent creation. Lipton v. Nature Co., 71 F.3d 464, 467 (2d Cir. 1995).

35. Here, a side-by-side comparison of the two designs clearly shows that Plaintiff's AFN-5052 ring and Defendant's Imperiale ring are strikingly similar, if not outright identical. The infringing Imperiale design has the same style, the same color, the same settings, the same metal, the same band arrangements, the same cut of the gemstone and the same overall appeal as AFN-5052. Therefore, the two designs are strikingly similar.

36. Slight proportional distortions do not make the two design not strikingly similar, as it is usual for a ring manufactured in mass quantities overseas, as it is the case with the ring

produced by Defendant, to be made bulky and unrefined comparing with a more distinct and elegant ring carefully handcrafted in the USA.

**Defendant's Infringement of Plaintiff's Copyrights was Willful**

37.     Defendant was served a copy of the Summons and Complaint in this action via International Registered Mail, Exhibit C. Despite having knowledge of the Complaint, however, Defendant has chosen not to answer. Due to the fact that Defendant failed to respond, Plaintiff was unable to conduct discovery and present direct evidence of Defendant's willful infringement of Plaintiff's copyrights.

38.     Willful infringement, however, may be inferred from Defendant's knowledge that its conduct constitutes infringement. Original Appalachian Artworks, 5 U.S.P.Q. 2d at 1523 (citing Fitzgerald Pub. Co. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1115 (S.D.N.Y. 1986)). Moreover, Defendant's knowledge need not be actual, but rather constructive, and may be inferred from Defendant's conduct itself. Yurman Design, Inc., 262 F.3d 101, 112 (2d Cir. 2001).  The Second Circuit has held that conduct which demonstrates a "reckless disregard" of a copyright owner's rights constitutes willful infringement. N.A.S. Import Corp., v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992).

39.     Here, Defendant's infringing design, Exhibit G, is virtually the exact copy of Plaintiff's AFN-5052, Exhibit F, yet Defendant, a jewelry manufacturer that, according to its website[1], has been in business four years ago and sells worldwide,  can be assumed to have knowledge that copyright protection is available for jewelry designs, see Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1115 (2d Cir. 1986) (defendant, an experienced publisher, was held to have constructive knowledge of its lack of authority to change copyright notices). With

---

[1] https://phantomjewels.co.uk/about-us/

this knowledge, Defendant recklessly disregarded Plaintiff's copyrights by copying Plaintiff's AFN-5052 design, and, therefore, can be assumed to have constructive knowledge.

40. In addition, Defendant's willful infringement can also be inferred from its failure to appear and defend this action. Granada Sales Corp. v. Aumer, 2003 U.S. Dist. LEXIS 10400, *7-8, 2003 WL 21383821. Defendant's failure to respond to Plaintiff's Complaint despite having knowledge thereof demonstrates unwillingness to defend this action, and Defendant can be assumed to willfully infringe Plaintiff's copyrighted design.

## Damages, Attorneys' Fees and Costs

41. Because no discovery was conducted, Plaintiff may never know nor ascertain its actual damages. Therefore, Plaintiff is constrained to seek statutory damages.

42. In the case of a willful infringement, the statutory damages range from $30,000 to $150,000 per infringement. 17 U.S.C. 504(c)(2). Since, as we have shown, Defendant's default can be considered evidence of willful infringement, an increase in a statutory award is permitted. See Davis v. Gap, Inc., 246 F.3d 152, 155 (2d Cir. N.Y. 2001) ("The purpose of punitive damages - to punish and prevent malicious conduct - is generally achieved under the Copyright Act through the provisions of 17 U.S.C.S. § 504(c)(2), which allow increases to an award of statutory damages in cases of willful infringement").

43. As Plaintiff seeks, is entitled to, and is constrained to seek statutory damages, an inquest is unnecessary. See Entral Group Int'l LLC v. Honey Cafe on 5th, Inc., No. 05-CV-2290, 22006 U.S. Dist. LEXIS 90341, 006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006); Tu v. Tad Sys. Tech., 2009 U.S. Dist. LEXIS 82410 (E.D.N.Y. Sept. 9, 2009); Microsoft Corp. v. Computer Care Ctr., Inc., 2008 U.S. Dist. LEXIS 77853 (E.D.N.Y. Sept. 9, 2008); Quilled Creations, LLC v. Scrapcuts, LLC, 2005 U.S. Dist. LEXIS 20846 (W.D.N.Y. Sept. 2, 2005);

Manno v. Tenn. Prod. Ctr., Inc., 657 F. Supp. 2d 425, 431 (S.D.N.Y. 2009); see also Celotex Corp. v. Catrett, 447 U.S. 317 at 323 (1986) (holding that damages may be awarded on summary judgment when there exists no genuine dispute as to a material fact relating to the determination of damages).

44. Plaintiff has never granted Defendant any licenses, nor provided authorization or consent to manufacture and sell any of Plaintiff's copyrighted designs, including AFN-5052. By manufacturing, offering for sale and selling its infringing Imperiale ring, Defendant acted with knowledge and reckless disregard of Plaintiff's copyrights.

45. Accordingly, Plaintiff requests that the Court award Plaintiff the relief of $100,000, which is just two-thirds of the maximum permitted statutory damages.

46. The amount of attorney's fees to be awarded is at the Court's discretion. 17 U.S.C.S. § 505 provides that, in any copyright infringement action, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs." Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 999 (2d Cir. 1995).

47. In determining a reasonable hourly rate applicable for attorney fees, the prevailing market rates in the community for similar legal work of lawyers of "reasonably comparable skill, experience and reputation" are considered. Ciner Mfg. Co. v. S.M. Gold Fashion Mfg. Corp., 94 Civ. 3831 (JFK), 1996 U.S. Dist. LEXIS 20858, at *1 (S.D.N.Y. July 19, 1996).

48. The undersigned counsel bills at the hourly rate of $250. I have five years of litigation experience, and routinely practice in state and federal courts located in New York, New Jersey and Florida.

49. Thus far, and not including an upcoming mandatory appearance at the OSC conference, I have spent on this matter a total of 17 hours. My preparation and appearance at the OSC conference is expected to require additional three hours. Therefore, including the OSC conference, Plaintiff will be indebted to the undersigned counsel for 20 billable hours in the amount of $5,000.00

50. Plaintiff's national counsel, Howard A. Kroll, bills at the rate of $675 per hour. He has been practicing law for 37 years, and over 23 years in Intellectual Property litigation and enforcement. On January 2, 2018, he spent 1.5 hours investigating claims of infringement against Phantom and corresponding with Plaintiff regarding the same. On January 24, he spent five hours drafting Plaintiff's Complaint. On February 1, he spent 1.4 hours conducting legal research regarding service on a foreign corporation, and to locate the proper location to serve Defendant. Mr. Kroll's total hours are 7.9. At $675 per hour, his total attorney's fees are $5,332.50.

51. Accordingly, the total attorneys' fees in this action are $10,332.50, which is well below reasonable and that which would be spent by other firms in this District. The attorneys' fees requested by Plaintiff herein – $10,332.50 - are commensurate with our experience, work performed, and results achieved.

52. The total costs applicable under 28 U.S.C. 1920 for this action are as follows:

   A. Court Filing Fee: $400.00;
   B. Service of Process (Postage): 2 X $30 = $60.00;
   C. Prospective Postage Fee (Service of OSC): $30.00

53. With the damages of $100,000.00, costs of $490.00, and the attorneys' fees of $10,332.50, the Total Damages, Attorneys' Fees and Costs are $110,822.50.

**Permanent Injunction**

54. The Copyright Act provides that the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. 502(a).

55. A plaintiff seeking to obtain a permanent injunction must establish 2) that it has suffered irreparable harm; 2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 390 (U.S. 2006).

56. "Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer." Hounddog Prods., LLC. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 632 (S.D.N.Y. 2011)

57. Here, Plaintiff has demonstrated that it has suffered irreparable injury, because Defendant's copyright infringement, the threat of continuing infringement it has caused and will continue to cause Plaintiff repeated and irreparable injury. Moreover, it would be impossible to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant, and, therefore, Plaintiff, is entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502.

58. Such an injunction is particularly important in this case, where Defendant has knowingly violated Plaintiff's copyrights, yet attempted to escape liability by refusing to answer Plaintiff's Complaint.

## CONCLUSION

59.     Defendant's copyright infringement has caused, and will continue to cause Plaintiff to suffer substantial injuries and damage to its proprietary and exclusive rights to AFN-5052 in an amount that, due to Defendant's willful default, may never be determined. Therefore, Plaintiff is entitled to recover statutory damages in the amount of **$100,000.00**.

60.     Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505 in the amount of **$10,332.50.**

61.     Plaintiff is also entitled to an order permanently restraining Defendant from using Plaintiff's copyrights in AFN-5052.

WHEREFORE, in accordance with the facts set forth hereinabove and in the accompanying documents, Plaintiff requests that it be granted a default judgment against Defendant, inclusive of an order permanently restraining Defendant from using Plaintiff's copyrights in AFN-5052 for any purpose, and granting an award of attorneys' fees and costs in this action.

Dated:     South Amboy, New Jersey
           December 18, 2018.

                                        Respectfully submitted,
                                        VLADIMIR TSIRKIN & ASSOC.


                                        By: _____
                                            Vladimir Tsirkin
                                            104 N. Broadway Suite A
                                            South Amboy, NJ  08879
                                            (732) 525-2200
                                            *Attorneys for the Plaintiff Verragio, Ltd.*

14